# Commonwealth *v.* Dallis et al., Appellants.

*Criminal law—Conspiracy to defraud—Stock sale—Evidence— —Sufficiency—Conviction.*

On the trial of an indictment for conspiracy to defraud, the case is for the jury and a verdict of guilty will be sustained, where the Commonwealth produces evidence, which, although contradicted, established that the defendants had made sales of stock on representations which they knew were false and misleading with the intent to defraud the purchaser.

Argued October 18, 1923. Appeals, Nos. 205 and 206, Oct. T., 1923, by defendants, from judgment and sentence of O. and T., Phila. Co., Feb. Sessions, 1922, No. 515, on the verdict of guilty in the case of Commonwealth of Pennsylvania v. Morris D. Dallis and Arthur G. Liggett. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Indictments for conspiracy. Before McMICHAEL, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendants appealed.

*Errors assigned* were, among others, various rulings on evidence, the charge of the court and refusal to direct a verdict in favor of the defendants.

*Peter P. Zion,* and with him *George A. Welsh, David Phillips* and *Hirsh W. Stalberg,* for appellants.—There was not sufficient evidence to support the charge of conspiracy: Balantine v. Cummings, 220 Pa. 621; Com. v. Stovas, 45 Pa. Superior Ct. 43, p. 47; Com. v. Hines, 38 Legal Int. 53; Com. v. Zuern, 16 Pa. Superior Ct. 588; Com. v. Brown, 23 Pa. Superior Ct. 470; Com. v. Bingle, 62 Pa. Superior Ct. 105; Com. v. Stephens, 64 Pa. Superior Ct. 429.

*Eugene V. Alessandroni,* Assistant District Attorney, and with him *Samuel P. Rotan,* District Attorney, for appellee.

OPINION BY HENDERSON, J., February 29, 1924:

The defendants were jointly indicted for conspiracy to defraud. Both of the appeals involve the same questions which will be considered in this opinion. The specific charge was that by fraudulent representations of the defendants, one Thomas Burke was induced to buy from them 600 shares of the capital stock of a corporation known as the Imperial Theatres Company. The twenty-nine assignments of error relate: (a) to the insufficiency of the evidence to sustain a conviction; (b) to the admissibility of certain parts of the evidence; (c) to parts of the charge of the court. The corporation referred to was organized in November, 1920, for the purpose of acquiring and operating theatres. In January following the defendants formed a partnership for the purpose of acting as fiscal agents of the corporation. By an agreement with the company, they acquired the exclusive right to sell its stock for which service they were to receive 40% of the price obtained. They began to sell stock in February. On the 19th of April thereafter they sold to the prosecutor 600 shares for $3,000 on the representation as charged in the indictment: that the company was doing a prosperous business; that it owned and leased a chain of moving picture theatres throughout the State; that it was earning money to pay a dividend of 20%; that his subscription would be just in time to receive a quarterly dividend in June of 5%. The principal question raised by the assignments is the sufficiency of the evidence to support the conviction. We have given careful consideration to all of the testimony and are not convinced that the court could have discharged the defendants at the close of the Commonwealth's case or could have arrested the judgment. At the time the alleged representations were made, Dallis was a director

of the company; Liggett had presented to him the subject of the sale of stock and the formation of a sales partnership. They had an office on the door of which their names appeared as Stock Brokers. Burke made the contract for the stock in their office, as he alleged in the presence of both of the defendants, although it appeared that Liggett was at the time sitting in the rear room of their office which consisted of two connecting rooms. The prosecuting witness testified that Liggett was near enough to hear the conversation between the witness and Dallis; and there was evidence to show that Liggett asked the treasurer and manager of the company to prepare a fictitious statement of the financial condition of the company to promote the sale of stock, which statement was made out and given to Liggett. It was admitted that the money was paid by the prosecutor and that the defendants deducted 40% of it for their commission. There was also evidence to show that there had been no profit made at any time by the company and that it was in the hands of a receiver not long after the sale of the stock in question. Taking into consideration the evidence as to the representations made and the unquestioned fact that if made they were not true, the court very properly submitted to the jury the question whether the representations were made fraudulently and with the purpose of cheating the purchaser of the stock. Dallis gave a different account of what occurred when the stock was bought from that given by Burke, and Liggett alleged that he did not participate in the transaction; but taking all of the evidence into consideration with the inferences which might be legitimately drawn by the jury in the circumstances, we regard it as sufficient to connect both of the defendants with the alleged fraud and if so connected the jury might well infer that they conspired to obtain the prosecutor's money by fraudulent misrepresentation.

Many of the assignments relating to the admission of evidence are without merit and need not be considered.

Stress is laid by the appellant on the admission of the evidence of Stover, who was secretary and afterwards treasurer and general manager of the company, with reference to the subject of profits of the business.  As it clearly appears from the evidence that he was the person who conducted the business and was acquainted with it in all of its details, there was no error in the admission of his evidence to the effect that no profits were made by the company while he was the manager.  It might be concluded by the jury from the evidence that only one theater was being operated at the time the stock was sold and as the company was just entering on its business and had no assets so far as the evidence discloses except the proceeds of the sale of stock, the source of profits, if any, could be easily ascertained by the witness.

Objection was also made to the admission of the testimony of William L. Megee who examined the cash book, minute book, check books and a part of what was called the ledger of the company, from which he testified that no profit was exhibited in the books of the company.  The objection to this witness was based on a prior objection to the admission of the books.  These were obtained from the receiver of the company, purported on their face to be what the Commonwealth alleged they were, and were identified in part at least by Stover, the secretary, treasurer and manager of the company.  This evidence was cumulative merely, for there was sufficient apart from this to show that there were no profits in the business of the company.  Stover testified not only from his personal knowledge, but from his knowledge of the contents of the books and from his familiarity with the business of the company, and Magee's testimony was merely corroborative on that point.  As it is not pretended that there were profits or that the company had earnings from which a dividend could be legitimately declared, the defendants were not injured in view of the affirmative testimony showing that state of facts.  The evidence that stock was sold by the defendants to other persons to which excep-

tion was taken, did not prejudicially affect the defendants; it was corroborative of the evidence previously introduced by the Commonwealth that the defendants were selling agents of the corporation and were receiving on all stock sold a commission of 40%. The assumption in the 27th and 28th assignments that the court charged the jury that the stock sold to the prosecutor was worthless rests on a misapprehension of the language used. The court merely stated the question which the jury was to answer from the evidence as to whether there had been a combination between the defendants to defraud Burke out of his money by giving him a certificate of stock which the defendants knew was worthless. That is the substance of the charge against the defendants and-was the one which the court was warranted in submitting to the jury.

Under all of the evidence we do not find in any of the assignments adequate support for a reversal. The judgment is affirmed and the record remitted to the court below and it is ordered that the defendants appear in the court below at such time as they may be there called and that they be by that court committed until they have complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.